**RYAN SWANSON & CLEVELAND, PLLC**
Roger J. Kindley (WSBA 11875 – *pro hac vice*)
  kindley@ryanlaw.com
Bryan C. Graff (WSBA 38553 – *pro hac vice*)
  graff@ryanlaw.com
1201 Third Avenue, Suite 3400
Seattle, WA  98101-3034
Telephone: (206) 464-4224\Facsimile: (206) 583-0359

**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
 dpoole@pooleshaffery.com
Samuel R.W. Price (SBN 255611)
 sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390\Facsimile: (213) 439-0183

Attorneys for Plaintiff
PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION, a Delaware corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware corporation, | The Hon. Michael W. Fitzgerald |
| | Mag. Judge Charles F. Eick |
| Plaintiff, | NO. 2:15-cv-03901 MWF-E |
| v. | **PROTECTIVE ORDER** |
| TRIKARDIA, LLC, a Delaware limited liability company, ROBERT ANTINORO, an individual, SIDDHARTH BHAVSAR, an individual, | |
| Defendants. | |

Charles F. Eick: Magistrate Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, subject to a finding of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material that a Producing Party considers in good faith to contain confidential, commercially sensitive and/or proprietary information not otherwise known or available to the public. The following are examples of information that is not considered confidential: (a)

advertising materials, and (b) materials that on their face show that they have been published to the general public. By way of non-limiting example, documents in one or more of the following categories may qualify for the "Confidential" designation: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.C.P. 26(c); non-public, non-commercially sensitive technical information, including data sheets, product schematics technical references materials, and other non-public technical descriptions and/or depictions of the relevant technology. The parties expressly agree to avoid "blanket" designations of "confidential" material and limit the designations to the above categories.

3. The person producing any given Discovery Material may designate as Confidential – Attorneys' Eyes Only information that is confidential and/or sensitive in nature and that the Producing Party reasonably believes that the disclosure of such information may cause economic harm or competitive disadvantage to the Producing Party. By way of non-limiting example, documents in one or more of the following categories may qualify for the "Confidential – Attorneys' Eyes Only" designation: (i) commercially sensitive research and development, technical, testing or engineering documents (including CAD diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, requirement documents, research notes and materials); (ii)

commercially sensitive financial information (e.g., the number of products sold, total dollar value of sales products, sales forecasts, and profit margins); (iii) commercial agreements, settlement agreements or settlement communications, (iv) customer lists, employee information, and other non-public information of similar competitive and business sensitivity; (v) commercially sensitive business and/or marketing plans, including, without limitation, trade secrets, pricing information, product development information; (v) price lists and/or pricing information; (vii) information obtained from a non-party pursuant to a current Non-Disclosure Agreement (NDA); and (viii) non-public communications (including emails) regarding topics relating to items (i)-(vii).

4.  With respect to the confidential or sensitive portion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only the document or protected portion(s) in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential or Confidential – Attorneys Eyes Only either on the record during the deposition or within 5 days of receipt of the transcript.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential – Attorneys Eyes Only, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Confidential – Attorneys' Eyes Only under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Confidential – Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non- Disclosure Agreement in the form annexed as an Exhibit hereto;

  (f) persons engaged to transcribe depositions conducted in this action; and

  (g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

  (h) the Court and its support personnel; and

  (i) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential – Attorneys' Eyes Only to any other person whomsoever, except to those listed in Paragraphs 6(b) and 6(e) through (i) and in-house counsel with responsibility for this case.

8. Prior to any disclosure of any Confidential or Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 6(a), 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order, agrees to be bound by its terms, and will have access to either (a) Confidential material or (b) both Confidential and Confidential – Attorneys' Eyes Only material.

9. Any party who either objects to any designation of confidentiality (*i.e.*, Confidential or Confidential – Attorneys' Eyes Only), or who, by contrast, requests still further limits on disclosure (such as "Highly Confidential – Outside Counsels Attorneys' Eyes Only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If

agreement cannot be reached promptly, counsel for all affected persons will ~~convene a joint telephone call with the Court~~ follow the Local Rules and The Federal Rules of Civil procedure to obtain a ruling.

10.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Confidential – Attorneys' Eyes Only. The Court also retains discretion whether or not to afford confidential treatment to any confidential or attorneys' eyes only document or information contained in any confidential or attorneys' eyes only document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.  Each person who has access to Discovery Material that has been designated as Confidential or Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.  If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed

Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.  If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.  The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

15.  The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently Disclosed Information.

16.  This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly destroyed in accordance with the next sentence. The parties recognize that electronically produced information (ESI) results in

copies made due to back up and archive protocols and no party can guaranty that every copy has been found and deleted. Therefore, the parties commit to use best reasonable efforts to delete confidential information. The parties will use best reasonable efforts to delete confidential information from Concordance or Summation or similar document review/management programs and will use best reasonable efforts to destroy any hard copies made of confidential information as well as confidential ESI stored in other locations.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED.

2/22/16

CHARLES F. EICK
United States Magistrate Judge

# EXHIBIT

**RYAN SWANSON & CLEVELAND, PLLC**
Roger J. Kindley (WSBA 11875 – *pro hac vice*)
  kindley@ryanlaw.com
Bryan C. Graff (WSBA 38553 – *pro hac vice*)
  graff@ryanlaw.com
1201 Third Avenue, Suite 3400
Seattle, WA  98101-3034
Telephone: (206) 464-4224\Facsimile: (206) 583-0359

**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
  dpoole@pooleshaffery.com
Samuel R.W. Price (SBN 255611)
  sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390\Facsimile: (213) 439-0183

Attorneys for Plaintiff
PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION, a Delaware corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware corporation,<br><br>                  Plaintiff,<br><br>     v.<br><br>TRIKARDIA, LLC, a Delaware limited liability company, ROBERT ANTINORO, an individual, SIDDHARTH BHAVSAR, an individual,<br><br>                  Defendants. | The Hon. Michael W. Fitzgerald<br><br>Mag. Judge Charles F. Eick<br><br>NO. 2:15-cv-03901 MWF-E<br><br>**NONDISCLOSURE AGREEMENT** |

1

NONDISCLOSURE AGREEMENT
NO. 2:15-cv-03901 MWF-E

1265737.01/470725.01

1   I, _____, acknowledge that I have read and understand the
2   Protective Order in this action governing the non-disclosure of those portions of Discovery
3   Material that have been designated as Confidential and/or Confidential – Attorneys' Eyes Only
4   ("Confidential Discovery Material"). I agree that I will not disclose such Confidential
5   Discovery Material to anyone other than for purposes of this litigation and pursuant to the terms
6   of the Protective Order, and that at the conclusion of the litigation I will return all discovery
7   information to the party or attorney from whom I received it. By acknowledging these
8   obligations under the Protective Order, I understand that I am submitting myself to the
9   jurisdiction of the United States District Court for the Central District of California, Western
10  Division, for the purpose of any issue or dispute arising hereunder and that my willful violation
11  of any term of the Protective Order could subject me to punishment for contempt of Court.
12  
13  
14  
15  
16  Dated:   _____   _____
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  

2
**NONDISCLOSURE AGREEMENT**
NO. 2:15-cv-03901 MWF-E

1265737.01 170725-01